UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON ANTONIO CURTIS
LEE MCCRARY, et al.,
    Plaintiffs,

vs.

GOVERNOR DEWINE, et al.,
    Defendants.

Case No. 1:20-cv-388

Dlott, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiffs, inmates at the Warren Correctional Institution (WCI), have filed a complaint under 42 U.S.C. § 1983 against defendants Governor Mike DeWine, Director Annette Chambers-Smith, Warden Wanza Jackson-Mitchell, Inspector Steven Bullock, Warren Correctional Institution, and the Ohio Department of Corrections. (*See* Doc. 1-1, Complaint at PageID 23).

Plaintiffs have not paid the filing fee. The Court previously issued a Deficiency Order requiring plaintiffs Cornett, Jacobs, Delgato, Jackson, Nadler, and Burten to pay the filing fee or each submit an *in forma pauperis* application and certified copy of his prison trust fund account statement within thirty (30) days. (Doc. 2). With the exception of plaintiffs McCrary and Cornett, to date—long after the expiration of the thirty (30) days of the Deficiency Order—plaintiffs have failed to pay the filing fee or submit an *in forma pauperis* application. Accordingly, plaintiffs Jacobs, Delgato, Jackson, Nadler, and Burten should be dismissed as parties to this action for want of prosecution.[1]

---

[1] "District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this

By separate Order issued this date, plaintiffs McCrary and Cornett have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiffs have also filed a motion to amend the defendant's name and motion to add evidence (Doc. 7, 8), which are hereby **GRANTED**.

This matter is now before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at

---

case should be dismissed for plaintiffs' failure to comply with the Court's Deficiency Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiffs allege the prison system is not built to enable social distancing or protect inmates from COVID-19.  Plaintiffs claim that defendants were negligent for preventing the virus from getting into the ODRC facilities.  According to plaintiffs, insufficient testing and temperature checks were conducted on persons entering the various facilities and plaintiffs assert that these measures "would've saved lives as well as slow if not stop the spread of covid-19."  (Doc. 1-1, Complaint at PageID 26).  Plaintiffs further contend that defendants Warden Jackson-Mitchell and Institutional Inspector Bullock were negligent in following DeWine as it pertains to COVID-19.  The complaint includes various alleged deficiencies in the response to the virus, including failure to inform chronic care inmates of the seriousness of the virus, delay in mandating mask wearing, the ventilator system using recycled air, and not using laundry detergent that would kill the virus.  (*See id.* at PageID 27-28).  Based on these allegations, plaintiffs maintain that defendants were negligent.[2]

Plaintiffs also complain about "covid-19 stipulations and rules," enacted in response to the virus.  For example, plaintiffs complain that the prison has limited meals,[3] commissary, visitation, and job assignments which plaintiffs indicate were intended to help diminish the spread of COVID-19 at WCI.  (*Id*. at PageID 24, 28).  Plaintiffs also claim that their "right to rehabilitation" has been violated, based on limiting groups, educational programs, and other meetings during the pandemic.  (*Id.* at PageID 29-30).

---

[2] Plaintiffs also complain about signs at WCI instructing inmates to wear masks and informing them how to do so. According to plaintiffs, "inmates who cannot read or does not have any comprehensional skills are unable to properly protect theirselves because of the neglectfulness of staff."  (*Id.* at PageID 29).

[3] Plaintiffs indicates that WCI serves a brunch in lieu of a separate breakfast to minimize the number of inmates in the dining hall at one time.  (*Id*. at PageID 28).

For relief, plaintiffs seek $100,000,000.  (*Id.* at PageID 31).

The complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

As an initial matter, defendants WCI and ODRC should be dismissed.  Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."  42 U.S.C. § 1983.  A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983.  *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983).  *See also, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002).  WCI and ODRC should therefore be dismissed as defendants to this action.

Plaintiffs' claims that defendants were negligent must also be dismissed.  To state a viable claim under § 1983, plaintiffs must allege that they were deprived of "a right secured by the United States Constitution or a federal statute."  *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).  Mere negligence is insufficient to state a claim of constitutional dimension under § 1983.  *See, e.g., Warren v. Doe,* 28 F. App'x 463, 464 (6th Cir. 2002) (citing *Ritchie v.*

*Wickstrom,* 938 F.2d 689, 692 (6th Cir. 1991), as support for holding that "the district court properly dismissed [the plaintiff's] case because his allegations involved mere negligence that is not actionable under § 1983"). *Cf Quinn v. Esham,* No. 1:13cv864, 2014 WL 4774604, at *2 (S.D. Ohio July 23, 2014) (Bowman, M.J.) (Report & Recommendation) (pointing out that the plaintiff's original allegations of "negligent behavior" by prison staff "failed to state any claim under § 1983 and therefore were subject to dismissal at the screening stage"), *adopted,* 2014 WL 4774621 (S.D. Ohio Sept. 24, 2014) (Weber, J.); *Sexton v. Neil,* No. 1:14cv26, 2014 WL 1418298, *1, *5 (S.D. Ohio Apr. 14, 2014) (Dlott, J.; Bowman, M.J.) (dismissing at screening stage claims of "negligence" by defendants in failing to protect the plaintiff from inmate assault).

Plaintiffs' claims regarding COVID-19 require plaintiffs to allege facts that would satisfy Eighth Amendment deliberate indifference standard. *See Cameron v. Bouchard*, 815 F. App'x 978, 984-85 (6th Cir. 2020). *See also Blackburn v. Noble*, No. 3:20-cv-46, __ F.Supp.3d__, 2020 WL 4758358, at *5-6 (E.D. Ky. Aug. 17, 2020). In *Cameron*, the Sixth Circuit reiterated the relevant standard as follows:

> Conditions-of-confinement claims are assessed under the "deliberate indifference" framework. *See* [*Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)]. This framework requires plaintiffs to meet two requirements. The first is "objective[ ]," and it requires the inmate to "show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer* [*v. Brennan*], 511 U.S. [825,] 833 [(1994)] (*citing Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). The second is "subjective," and it requires the inmate to "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970). The official must have a subjective "state of mind more blameworthy than negligence," akin to criminal recklessness. *Farmer*, 511 U.S. at 835, 839–40, 114 S.Ct. 1970.

*Cameron*, 815 F. App'x at 984.

Plaintiffs in this case have failed to allege facts from which the Court can infer a violation

of their Eighth Amendment rights. Although the Court is sympathetic to plaintiffs' concerns regarding COVID-19,[4] neither plaintiff asserts that any named defendant exhibited deliberate indifference to either inmate's exposure to COVID-19. Plaintiffs' general conclusory allegation that the prison system is ill-equipped for social distancing or protecting inmates is insufficient to state a claim. *See Iqbal*, 556 U.S. at 678. Furthermore, although plaintiffs allege that defendants were negligent in their response to the virus, negligence is insufficient to state an Eighth Amendment claim. *See Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). Plaintiffs have otherwise failed to allege facts suggesting that defendants disregarded the risks associated with COVID-19 or were otherwise deliberately indifferent to their health or safety. To the contrary, as noted above, plaintiffs complain about numerous protective measures taken to protect against the spread of the virus, maintaining that such measures also violate their constitutional rights. Accordingly, the allegations in the complaint are insufficient to state an actionable claim under the Eighth Amendment.

To the extent that plaintiffs complain that WCI has reduced the number of mealtimes, access to commissary, job assignments, and programming, these claims should also be dismissed. Plaintiffs' allegations regarding reduced mealtimes do not rise to the level of a constitutional violation. The discomfort experienced by a prisoner when some meals are denied over a short period of time does not rise to the level of "wanton infliction of pain" so long as the prisoner continues to receive adequate nutrition. *Richmond,* 450 F. App'x at 456. Plaintiffs have

---

[4]The Sixth Circuit has stated the following regarding COVID-19:

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson*, 961 F.3d at 833.

neither alleged that the meal plan at WCI deprives them of adequate nutrition, nor have they alleged any harm as a result of the modified mealtimes.  *See, e.g.*, *Price v. Jones*, Case No. 1:12-cv-360, 2012 WL 1854299, at *4 (S.D. Ohio May 4, 2012) (Report and Recommendation) (Dlott, J.; Litkovitz, M.J.) (recommending dismissal of Eighth Amendment claim based on the plaintiff's failure to allege that his health suffered as a result of alleged inadequacies in the prison meal plan), *adopted* 2012 WL 2269265, at *1 (S.D. Ohio June 18, 2012).  Furthermore, inmates do not have a constitutional right to commissary access, job assignments, or institutional programming.  *See Jackson-El v. First Name Unknown Spiker*, No. 11-cv-10836, 2011 WL 1701005, at *2 (E.D. Mich. May 4, 2011) (noting that "federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment") (collecting cases); *Parks v. Anderson*, No. 6:10-cv-355, 2014 WL 4854570, at *34 (E.D. Ky. Sept. 29, 2014) ("a prisoner does not have a constitutional right to commissary"); *Carter v. Tucker*, 69 F.App'x 678, 680 (6th Cir. 2003) ("A prisoner has no constitutional right to prison employment or a particular job.").  Accordingly, these claims should be dismissed.

Finally, having concluded that plaintiff has failed to state a federal constitutional claim against defendants, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any state-law claim and dismiss any such claims without prejudice**.**

**IT IS THEREFORE ORDERED THAT:**

1.  Plaintiffs' motions to amend the defendant's name and to add evidence (Doc. 7, 8) are **GRANTED**.

2.  In light of the recommendation that this matter be dismissed, plaintiffs' requests for depositions (Doc. 4, 5) are **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiffs Jacobs, Delgato, Jackson, Nadler, and Burten should be dismissed as parties to this action for want of prosecution.

2. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiffs leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JASON ANTONIO CURTIS
LEE MCCRARY, et al.,
    Plaintiffs,

vs.

GOVERNOR DEWINE, et al.,
    Defendants.

Case No. 1:20-cv-388

Dlott, J.
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).